UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| ALEX WILKINS | CIVIL ACTION |
|---|---|
| VS. | NO. |
| DEPUTY MICHAEL LIBERTO | SECTION |
| DEPUTY MATTHEW SEVERNS | |
| DEPUTY JONATHON COOK | |

## COMPLAINT

Now into Court, through undersigned counsel, Comes Alex Wilkins, who alleges and shows as follows:

1.

Plaintiff Alex Wilkins is of the full age of majority and a resident of the State of Louisiana, Parish of St. Tammany.

2.

Made Defendants herein are:

A. Deputy Michael Liberto, believed to be a person of full age of majority, whose last known business address is 1200 Champagne Street, Covington, Louisiana 70458;

B. Deputy Matthew Severns, believed to be a person of full age of majority, whose last known business address is 1200 Champagne Street, Covington, Louisiana 70458;

1

C. Deputy Jonathon Cook, believed to be a person of full age of majority, whose last known business address is 1200 Champagne Street, Covington, Louisiana 70458

3.

This Court has jurisdiction over this case pursuant to 28 U.S.C. Section 1331 and Section 1343. Plaintiff Alex Wilkins brings this action against the defendants for violations of his rights under the Eight and Fourteenth Amendments to the Constitution of the United States of America and 42 U.S.C. Section 1983, 42 U.S.C. Section 1985(3), and arising under the laws of the State of Louisiana. Plaintiff seeks damages pursuant 42 U.S.C. Section 1988.

4.

Venue is proper in this Court pursuant to 29 U.S.C. Section 1391(b) as the alleged incidents described herein were committed within the jurisdiction of the United States District Court for the Eastern District of Louisiana.

5.

On or about October 7, 2019, plaintiff, Alex Wilkins was sleep at his residence at 59867 Emma Street in Covington, Louisiana. Unbeknown to plaintiff, his mother, Shirley Wilkins was granted an Order of Protective Custody over him, duly authorized by the St. Tammany Parish Coroner's office.

6.

At the approximate time and date set out in the preceding paragraph, the defendants entered plaintiff's room forcefully and violently woke him from his sleep and ordered that he accompany them to a hospital. Plaintiff was confused and tried to explain he did not understand were trying to remove him from his home.

7.

Plaintiff's dad, Harvey Wilkins, was also present and attempted to explain to plaintiff the reason he had to leave with the officers. Without warning, the defendants forcefully grabbed plaintiff's arms and twisted them behind his back and placed him in handcuffs, causing severe pain and bruises to plaintiff's arm.

8.

The defendants forcefully escorted plaintiff through the home, until plaintiff came to a stop at the front door and again tried to explain he did not understand why he had to go to the hospital. Without warning, the police officers grabbed plaintiff and violently slammed his head onto the ground. Plaintiff was in excruciating pain and his mouth began bleeding.

9.

Plaintiff was transported to the hospital where it was later determined that the defendants fractured his jaw and surgery was required.

10.

The actions of the defendants violated internal standard operating procedures and amounted to deliberate indifference to plaintiff's constitutional rights, which violates the U.S. Constitution's Eight and Fourteenth Amendments.

11.

The proximate cause of the incident and resulting physical injuries and damages to Plaintiff was the negligence of the defendants which negligence is particularized in the following non-exclusive respects:

As to defendants, Deputy Michael Liberto, Deputy Matthew Severns, and Deputy Jonathon Cook:

a. Intentional and/or negligent use of excessive force;

b. Intentional and/or negligent failure to properly perform job duties,

c. Failure of the defendants to act with the required degree of care commensurate with the existing situation;

d. Other acts of negligence and/or fault which may be shown through discovery at trial.

The proximate cause of the civil rights violations to Plaintiff was the negligence of the defendants Deputy Michael Liberto, Deputy Matthew Severns, and Deputy Jonathon Cook, which civil rights violations are particularized in the following non-exclusive respects:

A. Defendants falsely assaulted and batterd plaintiff in violation of the eight and fourteenth amendments to the United States Constitution.  Under color of law, defendant deputies did use by definition excessive force against plaintiff to inflict serious, permanent injuries upon him and to otherwise violate his federal constitutional and federal civil rights.

B. The defendants acted in combination and concert to commit unlawful and unconstitutional acts against the plaintiff.  The law under the Eight and Fourteenth Amendments in the instant case is clearly established to defeat any purported police defendant's qualified immunity for state claims;

C. At all times relevant herein, the actions of the defendants were subject to 42 U.S.C. Sections 1983, 1985, 1986, and 1988;

D. Acting under the color of law, the defendants used excessive force by committing assault and battery against the plaintiff in violation of 42 U.S.C. section 1983.

E. As a result of the defendants' conspiracy to commit the illegal acts against the plaintiff, they are liable to plaintiff under 42 U.S.C. section 1983 and 42 U.S.C. section 1988 for attorneys' fees.

F. Based on the facts stated above, Plaintiff hereby asserts claims the Louisiana Constitution, under Article I, Sections 2, 3, 4, 5 and Louisiana Civil Code article 2315. The defendants knowingly and intentionally, or in the alternative negligently violated plaintiff's rights under the Louisiana Constitution, Louisiana Civil Code article 2315, 2316, and 2317.

G. The defendants are jointly and severally liable for full compensatory damages, including general damages, special damages, cost of this action and legal interest.

12.

Plaintiff has suffered past, present, and future damages in the following non-exclusive factors:

a. pain and suffering

b. mental pain and suffering

c. emotional distress

d. medical expenses

e. loss of enjoyment of life

f. any other damages available under law that may be proven at trial.

5

13.

Plaintiff requests any and all other relief deemed necessary and proper by this Court including but not limited to punitive damages.

**WHEREFORE, Plaintiff pray** that the Defendants be served with this Complaint and that after due proceedings be had, judgment be entered in favor of the Plaintiff and against the Defendants for all legal and equitable relief that may be deemed just and proper.

Respectfully submitted,

s/Ralph Bickham

_____
Ralph Bickham LSBA#30222
The Bickham Law Practice LLC
650 Poydras Street Suite 1400
New Orleans, LA 70112
504-584-5730